SKAPIK LAW GROUP
Mark J. Skapik (SBN 164957)
Geralyn L. Skapik (SBN 145055)
Blair J. Berkley (SBN 222293)
Matthew T. Falkenstein (SBN 333302)
5861 Pine Avenue, Suite A-1
Chino Hills, California 91709
Telephone:   (909) 398-4404
Facsimile:   (909) 398-1883
Email:
mskapik@skapiklaw.com
gskapik@skapiklaw.com
bberkley@skapiklaw.com
mfalkenstein@skapiklaw.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| DESHAWN M. WRIGHT, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. 42 U.S.C. § 1983 (Excessive force) |
| | 2. 42 U.S.C. § 1983 (Monell) |
| CITY OF SAN BERNARDINO; IMRAN | 3. 42 U.S.C. § 1983 (Failure to intercede) |
| AHMED, an individual; K. BROWN, an | 4. Civil Code § 51.7 (Ralph Act) |
| individual; and DOES 1 through 10, | 5. Civil Code § 52.1 (Bane Act) |
| inclusive, | 6. Assault |
| | 7. Battery |
| | 8. Intentional infliction of emotional distress |
| Defendants. | |
| | **JURY DEMAND** |

///

///

Plaintiff Deshawn Wright ("Plaintiff") alleges as follows:

## PARTIES

1.    Plaintiff DESHAWN WRIGHT is an individual and resident of San Bernardino, California.

2.    Defendant CITY OF SAN BERNARDINO ("CITY") is a municipal corporation duly chartered under California Constitution Article XI, section 3.

3.    Defendant IMRAN AHMED ("AHMED") is an individual and Sergeant in the San Bernardino Police Department ("SBPD").

4.    Defendant Officer K. BROWN ("BROWN") is an individual and Police Officer in the SBPD.

5.    The true names of Defendants DOE 1 through 10 are unknown to Plaintiff who, therefore, sues these Defendants by such fictitious names. When the true names of these Defendants are ascertained, Plaintiff will amend this Complaint to allege their true names.

## JURISDICTION AND VENUE

6.    The Court has original jurisdiction over Plaintiff's 42 U.S.C. section 1983 claims pursuant to 28 U.S.C. sections 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's state-law claims.

## PRESENTATION OF WRITTEN CLAIM

7.    On November 24, 2021, in compliance with California *Government Code* section 910-915.4, Plaintiff presented CITY a tort claim. CITY rejected the claim on January 18, 2022.

## GENERAL ALLEGATIONS

8.    On June 1, 2021, Defendants AHMED and BROWN were assigned to proactive patrol in the CITY.

9.    At 9:48 p.m., Defendant AHMED observed Plaintiff and other individuals in front of an apartment building located at 657 North Crescent Avenue, San

Bernardino.  As AHMED and his partner, Defendant BROWN, stopped, Plaintiff walked towards the apartment building.

10.   AHMED and BROWN contacted several individuals in the carport facing the street.  After a few minutes, AHMED left BROWN with several individuals in the carport and walked towards the apartment building.  He saw Plaintiff sitting on the external staircase.  When Plaintiff saw AHMED, he got up and threw a semi-automatic pistol from his over-the-chest satchel onto the roof.  AHMED recovered the pistol and arrested Plaintiff for violating *Penal Code* section 29800(a)(1) (felon in possession of firearm).

11.   AHMED handcuffed Plaintiff and read him the Miranda rights.  Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs.

12.   Plaintiff was no threat to AHMED as he was handcuffed and only 5'9" and 135 pounds.

13.   AHMED put Plaintiff in his police vehicle and headed east on 6th Street towards the San Bernardino Central Detention Center ("CDC") located at 630 East Rialto Avenue, San Bernardino.  Plaintiff's verbal abuse continued.

14.   Although AHMED asserted (and his assertion was recorded on his body-worn camera and audio recorder) that Plaintiff was kicking the side of the patrol vehicle and attempting to remove his handcuffs, Plaintiff did not kick the vehicle or attempt to remove his handcuffs.

15.   When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating instead of proceeding less than a mile to the Central Detention Center.  AHMED stopped the patrol vehicle and, at 10:22 p.m., called for the assistance of a unit with a hobble restraint.

16.   The entire purpose of AHMED's call for assistance was to provide cover for the beating he was about to inflict on Plaintiff.  Plaintiff was handcuffed in the rear

seat of AHMED's patrol vehicle and was not kicking anything.  When AHMED purportedly called for assistance, he was only two blocks from the San Bernardino Police station.

17.   AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground, pushed his face into the pavement, and gave him a severe beating.  Plaintiff suffered severe injuries to his face, shoulders, and left wrist.

18.   AHMED selectively turned off the audio and video recorder on his body-worn camera at the incriminating points of his beating of Plaintiff.

19.   Officer BROWN watched AHMED beat a non-resisting Plaintiff for several minutes and had several realistic opportunities to intercede.

20.   However, in deliberate indifference to Plaintiff's constitutional rights, BROWN made no attempt to stop AHMED's beating of Plaintiff.

21.   When the second unit arrived several minutes later with a hobble restraint, AHMED, BROWN, and Defendant Officers DOES 1 and 2 improperly applied the restraint so as to attach Plaintiff's wrists to his feet behind his back.  Plaintiff was then placed on his stomach in the back of AHMED's patrol vehicle.

22.   AHMED and BROWN transported Plaintiff to the Central Detention Center.  When the officials at CDC saw that Plaintiff's face was severely beaten and bloody, they directed that he be transported to the West Valley Detention Center in Rancho Cucamonga for treatment of his injuries.

///

///

# I.

## FIRST CAUSE OF ACTION

## VIOLATION OF FOURTH AMENDMENT

### [42 U.S.C. § 1983]

(By Plaintiff Against Defendants AHMED, BROWN, and DOES 1-10)

23.    Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

24.    On June 1, 2021, Defendant AHMED arrested Plaintiff at 657 North Crescent Avenue, San Bernardino for violation of *Penal Code* section 29800(a)(1) (felon in possession of firearm).

25.    AHMED handcuffed Plaintiff and put Plaintiff in his patrol vehicle. Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs.

26.    AHMED headed east on 6th Street towards the San Bernardino CDC located at 630 East Rialto Avenue, San Bernardino.  Plaintiff's verbal abuse continued.

27.    Although AHMED asserted (and his assertion was recorded on his body-worn camera and audio recorder) that Plaintiff was kicking the side of the patrol vehicle and attempting to remove his handcuffs, Plaintiff did not kick the vehicle or attempt to remove his handcuffs.

28.    AHMED threatened Plaintiff that if his verbal abuse did not stop, AHMED would cause it to stop.

29.    When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating instead of proceeding less than a mile to the CDC.  AHMED stopped the patrol vehicle and, at 10:22 p.m., called for the assistance of a unit with a hobble restraint.

30.    The entire purpose of AHMED's call for assistance was to provide cover for the beating he was about to inflict on Plaintiff.  Plaintiff was handcuffed in the rear seat of AHMED's patrol vehicle and Plaintiff was not kicking anything.  When

AHMED purportedly called for assistance, he was only two blocks from the San Bernardino Police station.

31.   AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground, pushed his face into the pavement, and gave him a severe beating.

32.   AHMED selectively turned off the audio and video recorder on his body-worn camera at the incriminating points of his beating of Plaintiff.

33.   When the second unit arrived several minutes later with a hobble restraint, AHMED, BROWN, and Defendant Officers DOES 1 and 2 improperly applied the restraint so as to attach Plaintiff's wrists to his feet behind his back.  AHMED further twisted Plaintiff's arms behind his back so as to cause severe shoulder injuries.  Plaintiff was then placed on his stomach in the back of AHMED's patrol vehicle.

34.   In so beating Plaintiff, AHMED, BROWN, and Officers DOE 1 and 2 acted intentionally and under color of state law.

35.   Defendants' beating of Plaintiff was unreasonable, without probable cause, and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures.

36.   Defendant's conduct was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's Fourth Amendment rights.

37.   Defendants' beating of Plaintiff was the actual and proximate cause of the injuries to his face, shoulders, and left wrist.

38.   AHMED and BROWN transported Plaintiff to the CDC.  When the officials at CDC saw that Plaintiff's face was severely beaten and bloody, they directed that he be transported to the West Valley Detention Center in Rancho Cucamonga for treatment of his injuries.

///

///

## II.
## SECOND CAUSE OF ACTION
## <u>MONELL</u>
### [42 U.S.C. § 1983]

(By Plaintiff Against Defendant CITY)

39.    Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

40.    On June 1, 2021, Defendant AHMED arrested Plaintiff at 657 North Crescent Avenue, San Bernardino for violation of *Penal Code* section 29800(a)(1) (felon in possession of firearm).

41.    AHMED handcuffed Plaintiff and put Plaintiff in his patrol vehicle. Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs.

42.    AHMED headed east on 6th Street towards the San Bernardino CDC located at 630 East Rialto Avenue, San Bernardino.  Plaintiff's verbal abuse continued.

43.    Although AHMED asserted (and his assertion was recorded on his body-worn camera and audio recorder) that Plaintiff was kicking the side of the patrol vehicle and attempting to remove his handcuffs, Plaintiff did not kick the vehicle or attempt to remove his handcuffs.

44.    When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating instead of proceeding less than a mile to the CDC.  AHMED stopped the patrol vehicle and, at 10:22 p.m., called for the assistance of a unit with a hobble restraint.

45.    The entire purpose of AHMED's call for assistance was to provide cover for the beating he was about to inflict on Plaintiff.  Plaintiff was handcuffed in the rear seat of AHMED's patrol vehicle and was not kicking anything.  When AHMED purportedly called for assistance, he was only two blocks from the San Bernardino Police station.

46.     AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground, pushed his face into the pavement, and gave him a severe beating.

47.     AHMED selectively turned off the audio and video recorder on his body-worn camera at the incriminating points of his beating of Plaintiff.

48.     When the second unit arrived several minutes later with a hobble restraint, AHMED, BROWN, and Defendant Officers DOE 1 and 2 improperly applied the restraint so as to attach Plaintiff's wrists to his feet behind his back.  Plaintiff was then placed on his stomach in the back of AHMED's patrol vehicle.

49.     In so beating and restraining Plaintiff, Defendants AHMED, BROWN, and DOES 1 and 2 acted intentionally and under color of state law.

50.     Defendants' beating and restraint of Plaintiff constituted an unreasonable seizure that deprived Plaintiff of his Fourth Amendment rights.

51.     Plaintiff is informed and believes and thereon alleges that Defendants AHMED, BROWN, and Officers DOE 1 and 2 acted pursuant to a longstanding CITY Police Department custom and practice of using hobble devices to hogtie arrestees who have not resisted less severe restraints and who are not violently resisting arrest.  Such restraint of arrestees constitutes an unreasonable seizure in violation of the Fourth Amendment.

52.     Defendant CITY's longstanding custom and practice of using hobble devices to hogtie arrestees was the moving force that caused Defendants AHMED, BROWN, and DOE 1 and 2 to violate Plaintiff's Fourth Amendment rights.

53.     As a further actual and proximate result of CITY's custom and practice, Plaintiff suffered severe injuries to his face, shoulders, and left wrist.

///

///

### III.
### THIRD CAUSE OF ACTION
### FAILURE TO INTERCEDE
#### [42 U.S.C. § 1983]

(By Plaintiff Against Defendants BROWN and DOES 1-10)

54.   Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

55.   On June 1, 2021, Defendant AHMED arrested Plaintiff at 657 North Crescent Avenue, San Bernardino for violation of *Penal Code* section 29800(a)(1) (felon in possession of firearm).

56.   AHMED handcuffed Plaintiff and put Plaintiff in his patrol vehicle. Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs.

57.   AHMED headed east on 6th Street towards the San Bernardino CDC located at 630 East Rialto Avenue, San Bernardino.  Plaintiff's verbal abuse continued.

58.   Although AHMED asserted (and his assertion was recorded on his body-worn camera and audio recorder) that Plaintiff was kicking the side of the patrol vehicle and attempting to remove his handcuffs, Plaintiff did not kick the vehicle or attempt to remove the handcuffs.

59.   When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating instead of proceeding less than a mile to the CDC.  AHMED stopped the patrol vehicle and, at 10:22 p.m., called for the assistance of a unit with a hobble restraint.

60.   The entire purpose of AHMED's call for assistance was to provide cover for the beating he was about to inflict on Plaintiff.  Plaintiff was handcuffed in the rear seat of AHMED's patrol vehicle and was not kicking anything.  When AHMED purportedly called for assistance, he was only two blocks from the San Bernardino Police station.

1   61.   AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground,
2   pushed his face into the pavement, and gave him a severe beating.

3   62.   AHMED selectively turned off the audio and video recorder on his body-
4   worn camera at the incriminating points of his beating of Plaintiff.

5   63.   Officer BROWN watched AHMED beat a non-resisting Plaintiff for
6   several minutes and had several realistic opportunities to intercede.

7   64.   However, in deliberate indifference to Plaintiff's constitutional rights,
8   BROWN made no attempt to stop AHMED's beating of Plaintiff.

9   65.   In pulling Plaintiff out of the car and beating Plaintiff, AHMED acted
10  intentionally and under color of state law.

11  66.   AHMED's acts deprived Plaintiff of his Fourth Amendment right to be free
12  of unreasonable seizures.

13  67.   In watching AHMED beat Plaintiff, BROWN acted under color of state
14  law.

15  68.   BROWN's failure to intercede was a proximate cause and moving force in
16  the deprivation of Plaintiff's Fourth Amendment rights.

17  69.   When the second unit arrived several minutes later with a hobble restraint,
18  AHMED and Defendant Officers DOE 1 and 2 improperly applied the restraint so as to
19  attach Plaintiff's wrists to his feet behind his back.

20  70.   AHMED further twisted Plaintiff's arms behind his back so as to cause
21  severe shoulder injuries.

22  71.   In so restraining a non-resisting Plaintiff, AHMED and DOES 1 and 2
23  acted under color of state law.

24  72.   The acts of AHMED and DOES 1 and 2 deprived Plaintiff of his Fourth
25  Amendment right to be free of unreasonable seizures.

26  73.   In watching AHMED and DOES 1 and 2 improperly restrain a non-
27  resisting Plaintiff, BROWN acted under color of state law.

28

74.    BROWN's failure to intercede was a proximate cause and moving force in the deprivation of Plaintiff's Fourth Amendment rights.

75.    BROWN's conduct was malicious and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's Fourth Amendment rights.

## IV.
## FOURTH CAUSE OF ACTION
## RALPH CIVIL RIGHTS ACT
### [Civil Code § 51.7]

(By Plaintiff Against Defendants AHMED, CITY, and DOES 1-10)

76.    Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

77.    At all times relevant, Defendant AHMED was a Sergeant in the San Bernardino Police Department.

78.    On June 1, 2021, Defendant AHMED arrested Plaintiff at 657 North Crescent Avenue, San Bernardino for violation of *Penal Code* section 29800(a)(1) (felon in possession of firearm).

79.    AHMED handcuffed Plaintiff and put Plaintiff in his patrol vehicle. Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs.

80.    AHMED headed east on 6th Street towards the San Bernardino CDC located at 630 East Rialto Avenue, San Bernardino.  Plaintiff's verbal abuse continued.

81.    AHMED threatened Plaintiff that if his verbal abuse did not stop, AHMED would cause it to stop.

82.    A substantial motivating reason for AHMED's threat of physical violence was Plaintiff's race and color.

83.    A reasonable person in Plaintiff's position would have believed that AHMED would carry out his threat of physical violence.

84.    A reasonable person in Plaintiff's position would have been intimidated by AHMED's conduct and threat.

85.    When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating instead of proceeding less than a mile to the CDC. AHMED stopped the patrol vehicle and, at 10:22 p.m., called for the assistance of a unit with a hobble restraint.

86.    AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground, pushed his face into the pavement, and gave him a severe beating.

87.    In beating Plaintiff, AHMED acted within the course and scope of his employment as Sergeant in the SBPD.

88.    AHMED's beating of Plaintiff was the actual and proximate cause of the injuries to his face, shoulders, and left wrist.

89.    AHMED's conduct was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

90.    The CITY is vicariously liable for the acts of AHMED pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

## V.

## FIFTH CAUSE OF ACTION
## BANE CIVIL RIGHTS ACT
### [Civil Code § 52.1]

(By Plaintiff Against Defendants AHMED, CITY, and DOES 1-10)

91.    Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

92.    At all times relevant, Defendant AHMED was a Sergeant in the San Bernardino Police Department.

93.     On June 1, 2021, Defendant AHMED arrested Plaintiff at 657 North Crescent Avenue, San Bernardino for violation of *Penal Code* section 29800(a)(1) (felon in possession of firearm).

94.     AHMED handcuffed Plaintiff and put Plaintiff in his patrol vehicle. Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs. Plaintiff expressed his belief that he was being arrested because he is black.

95.     AHMED headed east on 6th Street towards the San Bernardino CDC located at 630 East Rialto Avenue, San Bernardino. Plaintiff continued to accuse AHMED of racism.

96.     AHMED threatened Plaintiff that if his verbal attack did not stop, AHMED would cause it to stop.

97.     Plaintiff reasonably believed that, if he continued to exercise his First Amendment right of expression, AHMED would commit violence against him and that AHMED had the apparent ability to carry out his threats.

98.     When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating and stopped the patrol vehicle. AHMED intended to deprive Plaintiff of his enjoyment of the interests protected by the First Amendment.

99.     AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground, pushed his face into the pavement, and gave him a severe beating. Plaintiff suffered severe injuries to his face, shoulders, and left wrist.

100.    Plaintiff's exercise of his First Amendment rights was a substantial factor in causing AHMED's attack.

101.    AHMED's conduct was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

102.    The CITY is vicariously liable for the acts of AHMED pursuant to California *Government Code* section 815.2(a), which provides that a public entity is

1  liable for the injuries proximately caused by an act or omission of an employee of the
2  public entity within the scope of his employment if the act or omission would have
3  given rise to a cause of action against that employee.

## VI.

## SIXTH CAUSE OF ACTION

## ASSAULT

(By Plaintiff Against Defendants AHMED, CITY, and DOES 1-10)

103.   Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

104.   On June 1, 2021, Defendant AHMED arrested Plaintiff at 657 North Crescent Avenue, San Bernardino for violation of *Penal Code* section 29800(a)(1) (felon in possession of firearm).

105.   AHMED handcuffed Plaintiff, put Plaintiff in his patrol vehicle, and headed towards the San Bernardino Central Detention Center.  Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs.

106.   AHMED headed east on 6th Street towards the San Bernardino CDC located at 630 East Rialto Avenue, San Bernardino.  Plaintiff's verbal abuse continued.

107.   AHMED threatened Plaintiff that if his verbal abuse did not stop, AHMED would cause it to stop.  Through this threat, AHMED intended to cause Plaintiff to anticipate imminent harmful contact.

108.   Plaintiff understood that AHMED intended to beat him if he did not stop talking.

109.   It reasonably appeared to Plaintiff that AHMED was about to carry out his threat.

110.   Plaintiff did not consent to AHMED's conduct.

- 14 -
COMPLAINT

111.   When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating and stopped the patrol vehicle.

112.   AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground, pushed his face into the pavement, and gave him a severe beating.  Plaintiff suffered severe injuries to his face, shoulders, and left wrist.

113.   AHMED's conduct was a substantial factor in causing Plaintiff's harm.

114.   AHMED's conduct was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

115.   The CITY is vicariously liable for the acts of AHMED pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

# VII.
## SEVENTH CAUSE OF ACTION
### BATTERY

(By Plaintiff Against Defendants AHMED, CITY, and DOES 1-10)

116.   Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

117.   On June 1, 2021, Defendant AHMED arrested Plaintiff at 657 North Crescent Avenue, San Bernardino for violation of *Penal Code* section 29800(a)(1) (felon in possession of firearm).

118.   AHMED handcuffed Plaintiff, put Plaintiff in his patrol vehicle, and headed towards the San Bernardino Central Detention Center.  Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs.

119. When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating and stopped the patrol vehicle.

120. AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground, pushed his face into the pavement, and gave him a severe beating with the intent to harm.

121. Plaintiff did not consent to AHMED's beating.

122. As a direct and proximate result of the beating, Plaintiff suffered severe injuries to his face, shoulders, and left wrist.

123. A reasonable person in Plaintiff's situation would have been offended by AHMED's beating.

124. AHMED's conduct was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

125. The CITY is vicariously liable for the acts of AHMED pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

## VIII.

## EIGHTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(By Plaintiff Against Defendants AHMED, BROWN, CITY, and DOES 1-10)

126. Plaintiff incorporates by reference paragraphs 1-22 as though fully set forth herein.

127. On June 1, 2021, Defendant AHMED arrested Plaintiff at 657 North Crescent Avenue, San Bernardino for violation of *Penal Code* section 29800(a)(1) (felon in possession of firearm).

128.   AHMED handcuffed Plaintiff, put Plaintiff in his patrol vehicle, and headed towards the San Bernardino Central Detention Center.  Plaintiff was uncooperative and profane, but did not threaten AHMED or BROWN and did not kick anything in the patrol vehicle or attempt to remove the handcuffs.

129.   When AHMED, BROWN, and Plaintiff reached the vicinity of West 6th Street and North "E" Street, AHMED decided to give Plaintiff a beating and stopped the patrol vehicle.

130.   AHMED pulled Plaintiff out of the patrol vehicle, threw him to the ground, pushed his face into the pavement, and gave him a severe beating with the intention to cause severe emotional distress.

131.   Officer BROWN watched AHMED beat a non-resisting Plaintiff for several minutes and had several realistic opportunities to intercede.

132.   However, in deliberate indifference to Plaintiff's constitutional rights, and with the intention to cause Plaintiff severe emotional distress, BROWN made no attempt to stop AHMED's beating of Plaintiff.

133.   As an actual and proximate result of AHMED's beating, Plaintiff suffered severe emotional distress.

134.   The conduct of AHMED and BROWN was intentional, despicable, malicious, and oppressive and was done with a willful, wanton, and conscious disregard for Plaintiff's rights.

135.   The CITY is vicariously liable for the acts of AHMED and BROWN pursuant to California *Government Code* section 815.2(a), which provides that a public entity is liable for the injuries proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee.

///

///

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION (§ 1983 EXCESSIVE FORCE)**

1. For general and special damages;

2. For exemplary and punitive damages;

3. For attorney fees pursuant to 42 U.S.C. § 1988;

4. For costs of suit; and

5. For such other and further relief as the court may deem proper.

**ON THE SECOND CAUSE OF ACTION (§ 1983 MONELL)**

6. For general and special damages;

7. For attorney fees pursuant to 42 U.S.C. § 1988;

8. For costs of suit; and

9. For such other and further relief as the court may deem proper.

**ON THE THIRD CAUSE OF ACTION (§ 1983 FAILURE TO INTERCEDE)**

10. For general and special damages;

11. For attorney fees pursuant to 42 U.S.C. § 1988;

12. For costs of suit; and

13. For such other and further relief as the court may deem proper.

**ON THE FOURTH CAUSE OF ACTION (RALPH ACT)**

14. For general and special damages;

15. For a statutory penalty in the sum of $25,000 pursuant to *Civil Code* § 52(b)(2);

16. For exemplary and punitive damages;

17. For attorney fees pursuant to *Civil Code* § 52(b)(3);

18. For costs of suit; and

19. For such other and further relief as the court may deem proper.

**ON THE FIFTH CAUSE OF ACTION (BANE ACT)**

20. For general and special damages;

21. For exemplary and punitive damages;

1    22.    For attorney fees pursuant to *Civil Code* § 52.1(h);

2    23.    For costs of suit; and

3    24.    For such other and further relief as the court may deem proper.

4    **ON THE SIXTH CAUSE OF ACTION (ASSAULT)**

5    25.    For general and special damages;

6    26.    For exemplary and punitive damages;

7    27.    For costs of suit; and

8    28.    For such other and further relief as the court may deem proper.

9    **ON THE SEVENTH CAUSE OF ACTION (BATTERY)**

10   29.    For general and special damages;

11   30.    For exemplary and punitive damages;

12   31.    For costs of suit; and

13   32.    For such other and further relief as the court may deem proper.

14   **ON THE EIGHTH CAUSE OF ACTION (IIED)**

15   33.    For general and special damages;

16   34.    For exemplary and punitive damages;

17   35.    For costs of suit; and

18   36.    For such other and further relief as the court may deem proper.

19

20                                             SKAPIK LAW GROUP

21

22

23   Dated: January 21, 2022            By:

24                                             Mark J. Skapik
                                               Attorneys for Plaintiff
25                                             DESHAWN WRIGHT

26

27

28

1

## **<u>DEMEND FOR JURY TRIAL</u>**

2      Plaintiff hereby demands trial by jury.

3

4                                                         SKAPIK LAW GROUP

5

6

7      Dated: January 21, 2022                    By:

8                                                         Mark J. Skapik
                                                          Attorneys for Plaintiff
9                                                         DESHAWN WRIGHT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-
COMPLAINT